UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, CDCR #D-35391,<br><br>                            Plaintiff,<br><br>vs.<br><br>Dr. NARANJO, Psychiatrist,<br><br>                            Defendant. | Case No.: 3:24-cv-00166-CAB-DTF<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) AND DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)**<br><br>**[Doc. No. 11]** |

Plaintiff Billy Driver, proceeding pro se and currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1.

**OVERVIEW**

Plaintiff is a frequent litigator and alleges that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") in December 2023 and January 2024, RJD staff psychiatrist Naranjo refused to discontinue antipsychotic medication despite Plaintiff's complaints of suffering serious side effects. *Id.* at 1–2. Plaintiff claims he is not psychotic,

///

yet has been forced to take injections of the drug Invega™ since 2019.[1]  *Id.* at 2.  Plaintiff acknowledges he is currently suing another psychiatrist in a similar suit filed in the Northern District of California,[2] but in this case he specifically contends Dr. Naranjo twice threatened to use force if he refused Invega injections at RJD—once on December 19, 2023, and again on January 16, 2024—just two days before he filed his Complaint in this Court.  *Id.* at 2.  On both those occasions, Plaintiff alleges he reported "severe" and "chronic" side effects including chest pain, heart palpitations, and kidney pain, but Dr. Naranjo "stated in a loud voice that No! He was not going to take [him] off the drug Invega," and warned Plaintiff he would be "physically forced to take [the] injection" if he continued to refuse.  *Id.*  Plaintiff seeks both declaratory and injunctive relief requiring Naranjo to "immediately tak[e] [him] off the drug," and more than $50 million in damages.  *Id.* at 3.

Plaintiff did not pay the filing fee required to commence a new civil action when he submitted his Complaint for filing with the Clerk of the Court on January 18, 2024.[3]  *See* Doc. No. 1.  Therefore, on February 21, 2024, the Court dismissed the case, but granted Plaintiff leave to re-open it by either paying the $405 filing fee required by 28 U.S.C.

---

[1]  *See* https://medlineplus.gov/druginfo/meds/a615032.html#brand-name-1 (last visited June 5, 2024) ("Paliperidone extended-release injections (Invega Hafyera, Invega Sustenna, Invega Trinza) are used to treat schizophrenia (a mental illness that causes disturbed or unusual thinking, loss of interest in life, and strong or inappropriate emotions).  Paliperidone extended-release injection (Invega Sustenna) is also used alone or with other medications to treat schizoaffective disorder (a mental illness that causes both a loss of contact with reality and mood problems [depression or mania]).  Paliperidone extended-release injection is in a class of medications called atypical antipsychotics." ). The Court may take judicial notice of medical facts regarding prescription drugs, their active ingredients and effects. *See United States v. Howard*, 381 F.3d 873, 880 & n.7 (9th Cir. 2004) (taking judicial notice of the narcotic effects of Percocet and Percodan noted in PDR); *see also Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) ("Well-known medical facts are the types of matters of which judicial notice may be taken.") (citation omitted)).

[2]  *See* Compl. at 2 (citing *Driver v. Brahma, et al.,* Civil Case No. 3:23-cv-03426-JD (N.D. Cal. 2023)).

[3]  The case was assigned to the Honorable William Q. Hayes when it was filed, but re-assigned to the undersigned after Judge Hayes recused on February 8, 2024.  *See* Doc. No. 4. Four days later, Plaintiff filed a notice of change of address indicating he had been transferred from RJD to SVSP in the interim. *See* Doc. No. 8.

§ 1914(a), or filing a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) within 45 days. *See* Doc. No. 10. On March 4, 2024, Plaintiff filed an IFP Motion. *See* Doc. No. 11.

Plaintiff has had more than three civil actions or appeals dismissed as frivolous or for failure to state a claim upon which relief can be granted; nevertheless, he alleges facts to plausibly demonstrate imminent danger of serious physical injury at the time he filed his Complaint. *See* Compl. at 1 (citing 28 U.S.C. § 1915(g)). Therefore, for the reasons explained below, the Court **GRANTS** his Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 11), finds his Complaint states plausible claims for relief against Dr. Naranjo, and **DIRECTS** the United States Marshal to effect service upon Dr. Naranjo pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[4] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay only if the plaintiff requests and is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). If the plaintiff is a prisoner seeking to proceed IFP, section 1915(a)(2) also requires that he submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1) & (4). The institution collects

---

[4] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).

subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2). In short, while prisoners may be granted permission to prosecute their case without prepaying the filing fee in full and upfront, they are nevertheless "required to pay the full amount of a filing fee" in installments. 28 U.S.C. § 1915(b)(1); *see also Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

In support of his IFP Motion, Plaintiff has submitted copies of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report, as well as a certificate of funds verified by a SVSP trust account officer. *See* Doc. No. 11 at 6–9. These documents show Plaintiff had an average monthly balance of $44.76, no monthly deposits, and a current available balance of only $.19 at the time of filing. *See id.* at 6, 8. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 11),[5] and

---

[5] Plaintiff admits he has been barred from proceeding IFP in the past by 28 U.S.C. § 1915(g), but seeks an exception in this case due to the "imminent danger" he claims to have faced at the time he filed his Complaint from RJD on January 18, 2024. *See* Compl. at 1. Pursuant to § 1915(g), a prisoner with three "strikes," *i.e.*, prior civil cases or appeals dismissed as frivolous, malicious, or for failing to state a claim, "cannot proceed IFP" unless he alleges to face "imminent danger of serious physical injury" at the time of filing. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (quoting 28 U.S.C. § 1915(g)). "Implicit in the text of § 1915(g) is an understanding that the exception functions as a safety valve for a prisoner who has exhausted his three strikes but nevertheless faces imminent danger stemming from the violations of law alleged in his complaint." *Ray v. Lara*, 31 F.4th 692, 700–01 (9th Cir. 2022). This Court has confirmed Plaintiff has had at least four prior civil actions or appeals dismissed as frivolous, malicious, or because they failed to state a claim upon which relief could be granted. *See, e.g., Driver v. Martel,* No. CIVS081910GEBEFBP, 2009 WL 10700619, at *1 (E.D. Cal. Feb. 25, 2009) ("The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and finds it does *not* state a cognizable claim against any defendant."), *adopted*, Sept. 16, 2009 (ECF No. 32), *aff'd,* 395 F. App'x 392, 393 (9th Cir. 2010) (strike one); *Driver v. Epp*, No. 2:12-CV-0589 EFB P, 2012 WL 3862636, at *2 (E.D. Cal. Sept. 5, 2012) ("The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed failure to state a claim upon which relief may be granted.") (strike two); *Driver v. Kelso*, No. 2:11-CV-2397 EFB P, 2012 WL 3277080, at *2 (E.D. Cal. Aug. 9, 2012) ("The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that the allegations are too vague and conclusory to state a cognizable claim for relief."), *aff'd*, 514 F. App'x 662, 663 (9th Cir. 2013) (strike three); and *Driver v. Zamora*, No. CV 14-2170-BRO AGR, 2014 WL 4180783, at *4 (C.D. Cal. July 14, 2014) (Report and Recommendation to dismiss complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A), *adopted*, No. CV 14-2170-BRO AGR, 2014 WL 4180913 (C.D. Cal. Aug. 21, 2014), *aff'd*, 621 F. App'x

imposes no initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The total $350 due in this case will be collected by the CDCR and forwarded to the Court until the entire fee is paid. *See* 28 U.S.C. § 1915(b)(2).

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) & 1915A(b)**

A.  <u>Standard of Review</u>

Because Plaintiff is a prisoner, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(a). Under these statutes, the Court must dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28

---

421 (9th Cir. 2015) (strike four). However, Plaintiff alleges that just two days before he filed his Complaint, he suffered from "severe chest pain," heart palpitations, and kidney pain which he claimed were side effects from "the anti-psychotic drug Invega," but Dr. Naranjo refused to "take[] [him] off [the] drug," and instead threatened injection using physical force. *See* Compl. at 1–2. Like the Eastern District of California, this Court finds Plaintiff's "claim that Invega caused him to suffer from … chest pains and heart palpitations" suffices to meet the imminent danger exception to § 1915(g). *Driver v. Kern County Superior Court, et al.*, No. 220CV1665JAMKJNP, 2021 WL 3488001, at *4 (E.D. Cal. July 15, 2021), *report and recommendation adopted*, 2021 WL 4894301 (E.D. Cal. Oct. 20, 2021); *see also Bradford v. Marchak*, 667 Fed. Appx. 616, 617 (9th Cir. 2016) ("Bradford plausibly alleged 'imminent danger of serious physical injury' given his allegations of chest pain, dizziness, blurred vision and headaches from ongoing involuntary psychotropic medication."); *see also Williams v. Paramo*, 775 F.3d 1182, 1189–1190 (9th Cir. 2015) (discussing court's duty to liberally construe a prisoner's "facial allegations" and determine if complaint "makes a plausible allegation" of imminent or ongoing danger at the time of filing); *Andrews*, 493 F.3d at 1056–57 (imminent danger exception applies if a prisoner "alleges that prison officials continue with a practice that has injured him or others similarly situated in the past.").

U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A(b) "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8(a) and 12(b)(6) together require complaints to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"At the pleading stage, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. As such, the plausibility standard is a "context-specific task that requires the reviewing court to [] draw on its judicial experience and common sense." *Id.* at 679.

Finally, the court notes its "obligation where the petitioner is pro se, particularly in a civil rights case, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

/ / /

/ / /

B.     Plaintiff's Allegations

Plaintiff's factual allegations are concise and straightforward:  on December 19, 2023, and again on January 16, 2024, he claims RJD Psychiatrist Naranjo rejected his requests to be "taken off the drug Invega" after Plaintiff reported to suffer "severe chest pain(s)," "heart palpitations and kidney pain(s)" which he believed were caused by the antipsychotic drug.  *See* Compl. at 1–2.  Plaintiff claims he is not psychotic, that Dr. Naranjo twice refused to discontinue the medication despite its reported side effects and threatened him with injection by force if he continued to object.  *Id.* at 2, 4.  Plaintiff contends he is in "chronic constant pain" due to the drug, and seeks money damages and injunctive relief pursuant to 42 U.S.C. § 1983 "immediately tak[ing] [him] off."  *Id.* at 3.[6]

C.     42 U.S.C. § 1983

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted).  "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)).

D.     Medical Care & Forced Medication Claims

Plaintiff does not specify which constitutional right serves as the basis for his suit against Dr. Naranjo, but he clearly alleges Naranjo ignored his reports of having suffered severe side effects from the forced medication of an antipsychotic drug.  A complaint "need not identify the statutory or constitutional source of the claim raised in order to survive …

---

[6] The Court notes Plaintiff's transfer from RJD to SVSP immediately after he filed suit moot his claims for injunctive relief with respect to Dr. Naranjo—the only named Defendant. "When a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility." *Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) (citing *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995)); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief related to conditions of confinement were moot where prisoner was transferred to another facility").

dismiss[al]," *Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008), so long as it contains factual allegations sufficient to state a plausible claim for relief. *Hebbe*, 627 F.3d at 341–42. As pleaded, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true" to state plausible claims for relief pursuant to 42 U.S.C. § 1983 against Dr. Naranjo. *Iqbal*, 556 U.S. at 678.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059. A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Supreme Court has also recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221–22 (1990); *United States v. Ruiz-Gaxiola*, 623 F.3d 684, 691 (9th Cir. 2010). For convicted inmates, or those awaiting trial, the "liberty interest in avoiding unwanted medication must be defined in the context of the inmate's confinement." *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (citing *Harper*, 494 U.S. at 222). Only if it is determined that an inmate is a danger to himself or others, and treatment in his medical interest, does the Due Process Clause allow the State to treat an inmate with serious mental illness with antipsychotropic drugs against his will. *See Harper*, 494 U.S. at 227; *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). This requires a neutral factfinder to evaluate whether the antipsychotic drugs are medically appropriate and if the circumstances justify their application. *See Kulas v. Valdez*, 159 F.3d 453, 455–56 (9th Cir. 1998); *Harper*, 494 U.S. at 233 (administration of antipsychotic drugs "cannot withstand challenge if there are no procedural safeguards to ensure the prisoner's interests are taken into account.").

The factual allegations Plaintiff asserts involving Dr. Naranjo meet these "threshold" pleading requirements, and thus survive the Court's *sua sponte* review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123. Therefore, the Court will order the U.S. Marshal to effect service upon Defendant Naranjo on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**CONCLUSION**

For the reasons discussed, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 11).

2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (Doc. No. 1) upon Defendant Naranjo and forward it to Plaintiff along with one blank U.S. Marshal Form 285. In addition, the Clerk will provide Plaintiff with a copy of this Order, a certified copy his Complaint, and the summons so that he may serve them upon Defendant Naranjo. Upon receipt of the Clerk's "IFP Package," Plaintiff must complete the U.S. Marshal Form 285 as completely and accurately as possible, include an address where Dr. Naranjo may be served, *see* S.D. Cal. Civ. L.R. 4.1.c, and return it to the United States

Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

5) **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's Complaint and summons upon Dr. Naranjo as directed by Plaintiff on the USM Form 285, and to file an executed waiver of personal service upon Defendant Naranjo with the Clerk of Court as soon as possible after its return.  Should Defendant Naranjo fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal must instead file the completed, but unexecuted Form USM 285 Process Receipt and Return with the Clerk of the Court, include the date the summons, Complaint and request for waiver was mailed, and indicate why service upon Dr. Naranjo was unsuccessful.  All costs of service will be advanced by the United States; however, if Defendant Naranjo is located within the United States, and fails without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

6) **ORDERS** Defendant Naranjo, once served, to respond to Plaintiff's Complaint, and any subsequent pleading Plaintiff may file in this matter in which Naranjo is named as a Defendant, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and 15(a)(3).  *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

7) **ORDERS** Plaintiff, after service has been made by the U.S. Marshal, to serve by mail upon Defendant Naranjo, or if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b).  Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a

certificate stating the manner in which a true and correct copy of that document was served on Defendant Naranjo, or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendant Naranjo or his counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated: June 6, 2024

Hon. Cathy Ann Bencivengo
United States District Judge