UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, CDCR #D-35391,<br><br>   Plaintiff,<br><br>v.<br><br>Dr. NARANJO, Psychiatrist,<br><br>   Defendant. | Case No.: 24-cv-0166-CAB-BJC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

Plaintiff Billy Driver ("Plaintiff") is a California state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's November 29, 2024 Motion for Sanctions and Request for Contempt Order ("Motion") against the non-party "SVSP/ICF cop responsible for mail delivery in October and November 2024." ECF No. 26 at 1. Specifically, it appears that Plaintiff is alleging that an Officer A. Farias, who is not a party to the instant matter, impermissibly signed for and dispensed legal mail. Plaintiff seeks relief under the "All Writs act." *See* 28 U.S.C. §1651(a). As set forth herein, Plaintiff's Motion is **DENIED.**

## I.  BACKGROUND

Plaintiff initiated this action on January 18, 2024, against Defendant J. Naranjo related to the administration of Plaintiff's anti-psychotic medication. ECF No. 1. On November 4, 2024, Defendant filed a motion to dismiss Plaintiff's complaint ("Motion to

Dismiss"). ECF No. 22. The following day, the Court issued an order setting a briefing schedule as to the Motion to Dismiss. ECF No. 23. Per the Order (ECF No. 23) Plaintiff's response in opposition to the Motion to Dismiss, if any, was due on or before December 5, 2024. *Id.*

On November 15, 2024, Plaintiff filed a request for documents alleging he never received a copy of the Motion to Dismiss. ECF No. 24. On November 27, 2024, the Court granted Plaintiff's request for documents and ordered a copy of the Motion to Dismiss be sent to Plaintiff. ECF No. 25. In that same order, in light of Plaintiff's representation that he never received a copy of the Motion to Dismiss, and the Court finding that Plaintiff could not respond to a motion he did not have an adequate opportunity to review, the Court amended the briefing schedule for the Motion to Dismiss. *Id.* Per the Court's November 27, 2024 Order, Plaintiff's response to the Motion is Dismiss was extended to January 5, 2025. *Id.*

After the Court ordered the copy of the Motion to Dismiss be sent to Plaintiff, Plaintiff filed the instant Motion requesting sanctions and a contempt order on the grounds that he never received Defendant's Motion to Dismiss and was "experiencing mail theft." ECF No. 26. On December 19, 2024, Plaintiff filed his response in opposition to the Motion to Dismiss. ECF No. 27.

## II.   DISCUSSION

Plaintiff seeks monetary sanctions and an order of contempt against the "SVSP/ICF cop responsible for mail delivery in October and November 2024." ECF No. 26 at 1, 5. The Court finds that neither monetary sanctions nor an order of contempt is warranted in this case.

As to the request for monetary sanctions, Plaintiff seeks "One million dollars a day until motion to dismiss is personally served on Plaintiff." *Id.* at 1. Under the All Writs Act, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "The power conferred by the Act extends, under appropriate circumstances, to persons who,

though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice, and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.*, 434 U.S. 159, 174 (1977) (footnote and citations omitted). "Thus, use of the All Writs Act is appropriate in prisoner civil rights cases where non-party correctional officials are impeding the prisoner-plaintiff's ability to litigate his pending action." *Hammler v. Haas*, 2019 WL 11880444, at *2 (E.D. Cal., Mar. 22, 2019); *see also Mitchell v. Haviland*, 2015 U.S. Dist. LEXIS 109106, at *5 (E.D. Cal., Aug. 18, 2015) ("Use of the All Writs Act is appropriate in cases where prison officials, not named as defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case"); *Lopez v. Cook*, 2014 WL 1488518 (E.D. Cal., Apr. 15, 2014) (issuing an order under the All Writs Act requiring prison officials to provide Plaintiff, who was in the Segregated Housing Unit for non-disciplinary reasons, with two contact visits with his counsel). However, the Act is "not a grant of plenary power to the federal courts. Rather, it is designed to aid the courts in the exercise of their jurisdiction." *Plum Creek Lumber Company v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).

The Court finds that Plaintiff has failed to show that Officer A. Farias impeded Plaintiff's ability to litigate this action. Plaintiff's allegations are conclusory and devoid of any factual basis for imposing sanctions. *See generally* ECF No. 26. Additionally, prior to Plaintiff filing the instant motion for sanctions, the Court ordered the clerk of court to send a copy of Defendant's Motion to Dismiss to Plaintiff at his address of record. Due the alleged delay in Plaintiff receiving a copy of Motion to Dismiss, the Court afforded Plaintiff additional time to file a response to the motion to dismiss. ECF No. 25. Moreover, Plaintiff has timely filed his response to the Motion to Dismiss. ECF No. 27. The Court takes Plaintiff's response as an indication that he received a copy of the Motion to Dismiss. Finally, Plaintiff had ample time to draft his response—in fact, Plaintiff filed his response well before the January 6, 2025 deadline. *See* ECF No. 25. Thus, Plaintiff has not suffered any prejudice, his ability to litigate this action has not been impeded, and sanctions are not

1  warranted.

2  Turning to Plaintiff's request or an order of contempt, the Court finds there is no
3  basis for such an order given the facts presented. The inherent powers of federal courts are
4  those that "are necessary to the exercise of all others." *Roadway Express, Inc. v. Piper*,
5  447 U.S. 752, 764 (1980). "The most common utilization of inherent powers is a contempt
6  sanction levied to protect the due and orderly administration of justice and maintain the
7  authority and dignity of the court." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644,
8  648 (9th Cir. 1997) (internal citations omitted). "A court may wield its civil contempt
9  powers for two separate and independent purposes: (1) to coerce the defendant into
10 compliance with the court's order; and (2) to compensate the complainant for losses
11 sustained." *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016)
12 (citation and internal quotation marks omitted).

13 The first basis for issuing an order of contempt occurs when the court is coercing a
14 party into compliance with a court's order. *Shell Offshore Inc.*, 815 F.3d at 629. Here, no
15 such court order exists. The second basis for issuing an order of contempt is to compensate
16 the complainant for losses sustained. *Id.* As discussed above, because Plaintiff now has a
17 copy of Defendant's motion, Plaintiff was afforded additional time to respond, and most
18 notably because Plaintiff has now timely filed a response, Plaintiff has not sustained a loss.
19 Thus, there are no grounds presented for issuing an order of contempt.

### III. CONCLUSION

21 For the reasons discussed above, the Court **DENIES** Plaintiff's Motion in its
22 entirety.

23 **IT IS SO ORDERED**.

24 Dated: December 30, 2024

_____
Hon. Benjamin J. Cheeks
United States Magistrate Judge