UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY DRIVER, CDCR #D-35391,<br><br>         Plaintiff,<br><br>v.<br><br>DR. NARANJO, Psychiatrist,<br><br>         Defendant. | Case No.:  24cv166-CAB-DTF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Doc. No. 22]** |

Pending before the Court is Defendant Dr. Naranjo's motion to dismiss.  [Doc. No. 22.]  For the reasons set forth below, the motion is **GRANTED**.

FACTUAL AND PROCEDURAL OVERVIEW

Plaintiff Billy Driver, currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. No. 1.][1] Plaintiff alleges that while he was incarcerated at Richard J. Donovan Correctional Facility ("RJD") on January 16, 2024, Defendant, a staff psychiatrist, refused to discontinue an anti-psychotic medication (Invega) that Plaintiff claims was causing heart palpitations, chest, and kidney pain. *Id.* at

---

[1] Plaintiff is a frequent litigator and has brought many similar lawsuits.  [*See* Doc. No. 22 at 1-2.]

1–2. Plaintiff alleges this refusal to discontinue the medication violated his Eighth Amendment rights and seeks compensatory, declaratory and injunctive relief. *Id.* at 3.

Plaintiff was incarcerated at RJD when he filed his Complaint on January 18, 2024, but has since been transferred to SVSP, and is therefore no longer under Defendant's care. *See* Doc. Nos. 8, 11. Both at the time the medication was administered and presently, a court order authorized the California Department of Corrections and Rehabilitation ("CDCR") and its personnel to involuntarily medicate Plaintiff. [*See* Doc. No. 22-1, Exhibit A ("Plaintiff's Active *Keyhea* Order") and Exhibit B ("Plaintiff's *Keyhea* Order Active at Time Relevant to Litigation").][2] Since April 7, 2020, through the present, Plaintiff has had six different hearings concerning involuntary medication. *Id.* At the conclusion of each, the court has authorized CDCR to involuntarily medicate Plaintiff. *Id.* At each of these hearings, the court made three vital specific findings. First, if left unmedicated, Plaintiff was a danger to others. *Id.* Second, without medication, Plaintiff would revert to behavior that served as the basis for ordering the involuntary medication. *Id.* Finally, Plaintiff lacks insight into his own need for medication, and therefore cannot manage his own medication. *Id.* At the hearing for each case reevaluating if Plaintiff needed to be medicated, Plaintiff was represented by counsel. *Id.*

On November 4, 2024, Defendant filed a motion to dismiss. [Doc. No. 22.] On December 19, 2024, Plaintiff filed an opposition. [Doc. No. 27.] On January 21, 2025, Defendant filed a reply. [Doc. No. 32.]

## LEGAL STANDARD

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must set forth "a short and plain statement of the claim showing that

---

[2] Defendant's request for judicial notice [Doc. No. 22-1] is **GRANTED** pursuant to Federal Rule of Evidence 201(b).

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Dismissal is proper where the complaint does not contain enough factual allegations, when taken as true, to establish "plausible," as opposed to merely "possible" or "speculative," entitlement to relief. *Bell Atlantic Corp.*, 550 U.S. at 555. Although detailed factual allegations are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 555, 557).

DISCUSSION

Defendant moves for dismissal on the following grounds: (1) Plaintiff's injunctive claim against Defendant is moot; (2) Plaintiff is precluded from bringing his Section 1983 claim; and (3) Defendant is entitled to immunity.

1. Mootness

Plaintiff seeks injunctive relief against Defendant Naranjo, a doctor at RJD. But Plaintiff was transferred to a different prison, is no longer housed at RJD, and is no longer under Defendant's care. Therefore, his claim against Defendant is moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (prisoner's claims for injunctive relief deemed moot because he was transferred to another facility); *Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015) (explaining when a prisoner's claims for injunctive relief relating to prison conditions are rendered moot by his transfer to another facility).

/ / / / /

/ / / / /

2. Preclusion

    a. Claim Preclusion

Plaintiff brings an Eighth Amendment claim based on his continued involuntary placement on Invega. However, that claim has already been litigated and is therefore precluded. "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 327 (9th Cir. 1995). Claim preclusion is met when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)(quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002)).

Here, all elements of claim preclusion are met. The claim of whether Plaintiff's anti-psychotic medication should be continued was the exact issue decided by the administrative state court in *California Department of Corrections and Rehabilitation v. Billy Driver*, D35391, Case No. 2023070258. [Doc. No. 22-1, Ex. B.] Further, the administrative court's decision was both final and on the merits. Finally, there is privity between the parties, as the order is between Plaintiff and CDCR, and is to be enforced by any CDCR doctor treating Plaintiff, including Defendant. Thus, Plaintiff's claim is barred by claim preclusion.

    b. Issue Preclusion

Plaintiff's Eighth Amendment claim is based on the issue of whether Plaintiff can be involuntarily medicated. This issue has already been litigated and is therefore precluded. To determine if the issue preclusion doctrine applies, the Court of Appeals applies a three-prong test, asking if: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom issue preclusion is asserted was a party or in privity with a party at the first proceeding. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855 (9th Cir. 2016).

Here, the standard for issue preclusion is met. The validity of Plaintiff's involuntary medication has been upheld by the California Administrative Court, as both currently and at the time this Complaint was filed, Plaintiff was subject to a *Keyhea* order authorizing his involuntary medication. [Doc. No. 22-1, Exs. A, B.] The administrative court's decision was both final and on the merits. Finally, the decision of the administrative court is binding on CDCR and its employees who effectuate the order, thus establishing privity. Thus, Plaintiff's requested injunctive relief to be taken off anti-psychotic medication is precluded because it directly contradicts the findings of the California court on this exact issue.

### c. *Rooker-Feldman* Doctrine

A federal district court is prohibited from exercising jurisdiction over a suit that is a de facto appeal from a state court judgment. *Reusser v. Wachovia Bank*, 525 F.3d 855, 859 (9th Cir. 2008); *see Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The Ninth Circuit has recognized that the "clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Reusser*, 525 F.3d at 859.

Here, while Plaintiff alleges an Eighth Amendment claim based on his placement on Invega, he ultimately requests that this Court overturn the *Keyhea* orders, which are currently in effect, imposed on him and directing the involuntary administration of psychiatric medication. Plaintiff essentially asks this Court to overturn the *Keyhea* order that he alleges was in error and seeks relief from that decision. But this request is prohibited under the *Rooker-Feldman* doctrine. *Reusser,* 525 F.3d at 859.

### 3. Immunity

#### a. Absolute Immunity

Prison officials charged with executing facially valid court orders are afforded absolute immunity from 42 U.S.C. section 1983 liability for conduct prescribed by those

orders. *Engebretson v. Mahoney*, 724 F.3d 1034, 1040 (9th Cir. 2013) (citing *Patterson v. Von Riesen*, 999 F.2d. 1235, 1240 (8th Cir. 1993); *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003)(absolute immunity is "necessary to free prison officials from the fear of litigation and insure that such officials can perform their function without the need to secure permanent legal counsel.") Absolute immunity applies to the execution of an administrative law judge's order requiring that he be involuntarily medicated. *Bradford v. Kvichko*, 2017 WL 6730408, *3 (December 28, 2017, E.D. Cal.).

Here, Plaintiff's deliberate indifference claim is based on his involuntary placement on Invega. However, Plaintiff was placed on Invega pursuant to a *Keyhea* order that was in effect from July 26, 2023 to July 25, 2024. [Doc. No. 22-1, Ex. A.] Consequently, Plaintiff was administered Invega on the dates in question in accordance with the involuntary medication orders. Therefore, Defendant is absolutely immune from Plaintiff's Section 1983 claim.

### b. Qualified Immunity

Qualified immunity shields an official from civil-damages liability unless his conduct violated clearly established law of which a reasonable official would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity applies when either of two conditions exists. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). First, qualified immunity applies if no constitutional right was violated on the facts alleged. *Id*. If, after a review of the facts taken in the light most favorable to the plaintiff, no right was violated, then the inquiry ends and the defendants prevail. *Id*. at 201. But even if a constitutional right was violated, qualified immunity still applies when the constitutional right was not "clearly established" under the particular circumstances. *Id*. at 200. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 566 U.S. 658, 664 (2012) (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 741). If a reasonable official could have believed the defendant's actions were lawful, the defendant is entitled to qualified immunity. *Saucier*, 533 U.S. at 201-02, 208.

Here, even if Plaintiff could establish a constitutional violation, it was not clearly established that Defendant's actions were unconstitutional. The dispositive question is whether the violative nature of a particular conduct was clearly established. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). And no prison physician would believe that acting in accordance with a court order for involuntary medication based on the inmate's mental conditions violated the inmate's constitutional rights. Accordingly, Defendant is entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED** without leave to amend.  The Clerk of Court shall enter judgment accordingly and **CLOSE** the case.

**IT IS SO ORDERED.**

Dated:  February 21, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge